IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN HUMPHRIES        )
         Plaintiff,       )
                        )   C.A. No. 08-335Erie
    v.             )
                        )
VENANGO COUNTY        )
DISTRICT ATTORNEYS OFFICE, et al.,)   Magistrate Judge Baxter
         Defendants.      )

MEMORANDUM OPINION [1]

Magistrate Judge Susan Paradise Baxter

A.    **Relevant Procedural History**

On December 12, 2008, Plaintiff, a prisoner formerly incarcerated at the Venango County Jail, filed the instant action pursuant to 42 U.S.C. §1983.  By Order dated March 2, 2009, this Court granted Plaintiff's motion to file an Amended Complaint and directed that Plaintiff file that Amended Complaint containing all of his claims raised in his three earlier filings before March 20, 2009 as Defendants should only be expected to respond to one complaint.[2]  Document # 19.

Plaintiff filed the Amended Complaint on March 9, 2009.  Document # 22.  Named as Defendants in that complaint are the Venango County District Attorney's Office, the Venango

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. Documents # 4 (Plaintiff), 12 (Defendants).

[2] The amended complaint generally supercedes (or takes the place of) the previously filed complaint.

County Jail, and District Attorney Marie Veon[3]. Plaintiff claims that Defendants violated his constitutional rights under the First, Fourth, Eighth, and Fourteenth Amendments by detaining him at the Venango County Jail between September 20, 2006 and December 20, 2006 without the benefit of a preliminary hearing. He further alleges that he was denied the opportunity to appear at a custody hearing and that due to his absence at the hearing, he lost custody of his daughter. Id.

Defendants have filed a motion to dismiss. Document # 23. Despite being given the opportunity to do so, Plaintiff has not filed a brief in opposition to the pending dispositive motion.

B.     **Standards of Review**

1.     *Pro se* **Litigants**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P.

---

[3] These are the only Defendants listed within the body of the Amended Complaint (Document # 22).

12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### 2.     Motion to dismiss pursuant to 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 95 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 556, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 232, quoting Twombly,

3

550 U.S. at 556 n.3.

>  Recently, the Third Circuit expounded on the *Twombly/Iqbal/Phillips* line of cases:
>
>> To prevent dismissal, all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible. This then allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.
>>
>> * * *
>>
>> After *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to show such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief. This plausibility requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, ___ F.3d. ___, ___, 2009 WL 2501662, at * 4-5 (3d Cir. Aug. 18, 2009).

### 3. Motion for summary judgment

Defendants have attached numerous exhibits in support of their motion to dismiss. However, the use of these exhibits by this Court does not automatically convert Defendants' motion to dismiss for failure to state a claim into a motion for summary judgment. See Pryor v. National Collegiate Athletic Association, 288 F.3d 548, 560 (3d Cir. 2002) ("...certain matters outside the body of the complaint itself, such as exhibits attached to the complaint and facts of which the court will take judicial notice, will not trigger the conversion of an Federal Rule of Civil Procedure 12(b)(6) motion to dismiss to an Federal Rule of Civil Procedure 56 motion for summary judgment.").

    **C.    Defendants Venango County Jail and Venango County District Attorney's Office**

In order to establish liability under § 1983, plaintiff must show that: (1) he was deprived of rights secured by United States Constitution or laws of United States, and (2) he was subjected or caused to be subjected to constitutional deprivation by a person acting under color of state law. 42 U.S.C.A. § 1983.

Plaintiff seeks damages under § 1983 from the Venango County Jail and the Venango County District Attorney's Office. The Eleventh Amendment proscribes actions in the federal courts against states, their agencies, and state officials acting within their official capacities. Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981) (Pennsylvania); Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274 (1977) (state agencies); Edelman v. Jordan, 415 U.S. 651 (1974) (state employees acting in their official capacity). The only ways that a state may be sued in federal court are if (1) the state has waived its Eleventh Amendment immunity (Kentucky v. Graham, 473 U.S. 159 (1985)), or (2) Congress has made it unmistakably clear in either the language of a statute or in its legislative history that it is its intention to permit such suits (Board of Trustees of the University of Alabama v. Garrett, 531 U.S. 356 (2001)). Thus, unless these government Defendants have consented to suit here or the Congress has expressly abrogated the Eleventh Amendment immunity of these institutions, neither of which has occurred, this case should be dismissed the Venango County Jail and the Venango County District Attorney's Office.

In addition, entities acting under color of state law cannot be held liable under 42 U.S.C. § 1983 on a *respondeat superior* theory. Monell v. Department of Social Services, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-1295 (3d Cir. 1997) (to hold police chief liable under § 1983 for violating female subordinate officer's rights, she was required to prove that he personally participated in violating the her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his

subordinates' violations).

To state any viable claim under section 1983 against either the Venango County Jail or the Venango County District Attorney's Office, Plaintiff must allege that he was injured as the result of a "policy or custom" of this entity-defendant. Monell, 436 U.S. 691. A "[p]olicy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy or edict." Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990). A custom "can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990). Here, Plaintiffs' complaint contains no allegations that a custom or policy of the county Defendants led to any claimed injuries. These Defendants are named simply as the entities-in-charge and thus, Plaintiff's complaint fails to state a claim upon which relief may be granted.

Accordingly, the motion to dismiss will be granted in this regard.

**D.    Defendant Veon**

A prosecutor engaged in "activities [ ] intimately associated with the judicial phase of the criminal process" is absolutely immune from section 1983 money damages. Imbler v. Pachtman, 424 U.S. 409, 420 (1976). See also Kalina v. Fletcher, 522 U.S. 118, 125 (1997); Buckley v. Fitzsimmons, 509 U.S. 254 (1993). Actions that relate to the prosecutor's role as an advocate are "judicial"[4] actions. Mancini v. Lester, 630 F.2d 990, 993 (3d Cir. 1980). For

---

[4] It is a well settled principle of law that judicial officers are immune from damage suits arising out of their official duties. Stump v. Sparkman, 435 U.S. 349 (1978); Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000). Judicial immunity is an "immunity from suit, not just from an ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). See also Seigert v. Gilley, 500 U.S. 226, 231 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."); In Re Montgomery County, 215 F.3d 367, 373 (3d Cir. 2000) ("Absolute immunity creates not only protection from liability, but also a right not to stand trial.").

example, prosecutors are absolutely immune from claims for malicious prosecution, for solicitation of perjured testimony, and for conspiracy with state actors while engaged in an advocacy role. See Rose; Imbler. In fact, a prosecutor's duties extend beyond the actual filing of a lawsuit. In Imbler, the Supreme Court noted that "the duties of the prosecutor in his role as an advocate for the state involve actions preliminary to the initiation of a prosecution and action separate from the courtroom." 424 U.S. at 431, n. 33. Thus, prosecutors are absolutely immune from liability for filing false charges or initiating a prosecution. Briscoe v. LaHue, 460 U.S. 325, 334 (1982); Kulwicki v. Dawson, 969 F.2d 1454, 1463 (3d Cir. 1992).

Prosecutors engaged in solely administrative or investigative duties are not absolutely immune. Rose v. Bartle, 871 F.2d 331, 343 (3d Cir. 1989). "A prosecutor acting in an investigative or administrative capacity is protected only by qualified immunity." Carter v. City of Philadelphia, 181 F.3d 339, 356 (3d Cir. 1999).

Here, Plaintiff complains that he was held in jail for 93 days without a preliminary hearing, that Defendant Veon caused him to be detained without probable cause, and that she misrepresented facts to a trial court at a habeas hearing. Document # 22. As Plaintiff's allegations involve acts conducted as part of the judicial process, Defendant Veon is absolutely immune as a matter of law and the motion to dismiss will be granted as to the claims against her.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN HUMPHRIES )
        Plaintiff, )
 ) C.A. No. 08-335Erie
  v. )
 )
VENANGO COUNTY )
DISTRICT ATTORNEYS OFFICE, et al.,)   Magistrate Judge Baxter
        Defendants. )

**O R D E R**

AND NOW, this 9th day of November, 2009;

In light of the foregoing opinion,

IT IS HEREBY ORDERED that the motion to dismiss [Document # 23] is GRANTED. The Clerk of Courts is directed to close this case.

                S/ Susan Paradise Baxter
                SUSAN PARADISE BAXTER
                United States Magistrate Judge